# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES NACY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 11-0331-CV-W-FJG |
| ) | |
| D.F.C. ENTERPRISES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Currently pending before the Court is plaintiff's Motion to Certify Class and Notification of Putative Class Members (Doc. # 17) and plaintiff's Motion for Leave to File First Amended Complaint (Doc. # 23).

## I. BACKGROUND

Plaintiffs move the Court to conditionally certify plaintiffs' claims as a collective action under the Fair Labor Standards Act ("FLSA") and for Court authorized notice pursuant to § 216(b) of the FLSA. Plaintiffs seek to conditionally certify two collective actions consisting of:

> All current and former DFC employees who have worked for Defendants at any time during the last 3 years and whose job duties involved processing rental car applications, selling insurance to customers renting cars, or inspecting cars prior to rental and upon return; and

> All current and former DFC employees who have worked for Defendants at any time during the last 3 years and whose job duties involved cleaning cars, checking cars in upon return, inspecting cars for damage, and taking cars to auction.

Additionally, plaintiffs are asking that the Court approve a notice that can be sent to all potential opt-in plaintiffs informing them of their right to join the action and assert

claims under the FLSA.

## II. DISCUSSION

### A. Motion to Conditionally Certify

> Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. The Act also provides that any employer who violates this restriction 'shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.' 29 U.S.C. § 216(b). An action to recover the overtime and liquidated damages may be maintained 'by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.' Id.

Young v. Cerner Corp., 503 F.Supp.2d 1226, 1228 (W.D.Mo. 2007). In Graham v. Town & Country Disposal of Western Missouri, No. 4:10-CV-00551-NKL, 2010 WL 5173181 (W.D.Mo. Dec. 14, 2010), the Court noted that "[f]ederal courts have used varying standards to determine whether potential opt-in plaintiffs are 'similarly situated' under § 216(b). . . .Though the Eighth Circuit Court of Appeals has not indicated which standard should be used, a majority of the district courts in the Eighth Circuit used the two-step analysis adopted in Mooney v. Aramco Services Co., 54 F.3d 1207 (5th Cir.1995)." Id. at *2. The Court noted that under this approach, plaintiff will first move for conditional certification for notice purposes early in the litigation and the standard that courts apply is a lenient one. At the second stage of the process, the defendant may then move to decertify the class after the close of discovery. Id.

In the instant case, plaintiffs allege that there was a common plan or practice to require Rental Agents and Porters to work in excess of forty hours per week in violation

2

of the FLSA without receiving overtime compensation. Plaintiffs also allege the Rental Agents were victims of a policy or plan to pay them less than minimum wage, through a sub-minimum wage hourly rate and/or off the clock work. In support of these allegations, plaintiffs have submitted the declarations of James Nacy, Cole Tumberg, Joseph Gladstone and Debbie King.

In response to plaintiffs' Motion for Conditional Certification and the affidavits submitted, defendants have conceded that the affidavits meet the minimal burden imposed by the Fair Labor Standards Act.

The Court agrees with plaintiffs that they have met the minimal burden to show that they were "similarly situated" and were victims of a single decision, policy or plan of defendants. Accordingly, the Court hereby **GRANTS** plaintiffs' Motion for Conditional Certification (Doc. # 17).

**B. Form of Notice to the Class**

In their motion for conditional certification, plaintiffs included a Proposed Notice of the Lawsuit to be sent out to the potential class. Defendants have objected to various parts of the Notice. Plaintiffs state that they will agree to some of the defendants' suggested changes, such as: defendants' ¶ B.1 - inclusion of Daniel F. Collins name in the caption and ¶ B.5 - which requires the insertion of a paragraph in Section IV that a potential participant will be required to have been "similarly situated." Plaintiffs also agree with the changes suggested in ¶ B.6 - which make minor modifications to Section V and the deletion of the words "or costs" in the second paragraph.

In ¶ B.2, defendants want to delete the second sentence regarding waiver forms,

3

because they argue that waiver forms are not relevant.  Plaintiffs want to retain this language because they want to ensure that potential plaintiffs know they can still join the suit even if they signed a letter.  The Court agrees with plaintiffs that this language regarding waiver should be retained.  Accordingly, defendants objection to the second sentence of Section IV is overruled and this language shall be included in the Notice sent to the class.

In ¶ B.3 defendants object to the phrase in Section IV  "and thus participate in any recovery that might result from this lawsuit."  Defendants believe that this phrase is unnecessary, inappropriate and biased.  Plaintiffs state that this language is appropriate and has been used in other notices.  The Court agrees and therefore overrules defendant's objections to this phrase.  This phrase shall be included in the notice.

In ¶ B.4 defendants object to the fact that certain instructions in Section IV of the proposed notice directing the recipient to read, sign and promptly return the Consent to Join Form are in a bold typeface.  Defendants believe that this unnecessarily urges the recipients to join the litigation.  Plaintiffs disagree and state that it only serves to emphasize the time sensitive nature of the notice period.  The Court finds that it is unnecessary to bold these instructions.  Therefore, defendants' objection to the bolded typeface in Section IV of the Notice is sustained and the notice shall not contain any bolded instructions.

In ¶ B.7 defendants object to the inclusion of the second sentence in Section VI- "You will not be entitled to share in any amount recovered by the class as a part of this lawsuit."  Defendants argue that the phrase is unnecessary and inappropriate.  Plaintiffs believe that the statement is neutral and would like it to be included.  The Court agrees

4

with defendants that this phrase is unnecessary. Accordingly, the Court sustains defendants' objection to the second sentence in Section VI and this phrase shall not be included in the notice.

In ¶ B.8, defendants object to the phrase in Section VII- "your receiving this notice, your considering whether to join this lawsuit, or the fact that . . .." Defendants believe this phrase to be unnecessary and inappropriate. Plaintiff states that this phrase has been approved in other cases and should be included because there have already been allegations of retaliation in this case. The Court agrees with plaintiffs and therefore overrules defendants' objections to this phase. This phrase shall be included in Section VII in the Notice sent to the potential class members.

In ¶ B.9, defendants state that in Section VIII it states that queries be directed only to plaintiffs' counsel. Defendants' counsel state that they should be given equal billing and their contact information should be included as well. Plaintiffs disagree and state that courts have repeatedly held that inclusion of such information is inappropriate and has no basis in law or logic. The Court agrees with plaintiffs and finds no reason for inclusion of defendants' counsel's contact information. Accordingly, defendants' request for the inclusion of this information is overruled.

Accordingly, with the corrections noted above, the Notice proposed by plaintiffs' counsel is hereby **APPROVED**.

**C. Contact Information**

Plaintiffs have requested that the defendants provide them with a list of names of all rental agents and porters employed by defendants from March 30, 2008 to the

5

present which lists their name, last known address, telephone number, email address and job classification.  Defendants have agreed to produce the name, job classification, last known mailing address and email address for each potential class member, but state that plaintiffs have not justified the need for disclosure of social security numbers or telephone numbers.  Plaintiffs argue that numerous courts have required the disclosure of phone numbers and state that this will help in locating plaintiffs if they have changed residences. Plaintiffs' counsel state that they will stipulate to calling putative class members only if notification by mail is returned as undeliverable. Plaintiffs also state that they agree to modify their request for social security numbers and will petition the Court for the social security numbers for only those putative class members whose mailed notice is returned as undeliverable.  The Court agrees that the disclosure of phone numbers is appropriate and also agrees to allow plaintiffs to petition the Court for the disclosure of the social security numbers for those putative class members whose notices are returned.  Accordingly, defendants are hereby **ORDERED** to disclose to plaintiffs' counsel a list of names of all rental agents and porters employed by defendants from March 30, 2008 to the present.  The list shall include the last known address, telephone numbers, email address and job classification. Defendants shall provide this list to plaintiffs' counsel within fourteen (14) days of the Court's Order in an Excel spreadsheet format.

### D.  Motion to Amend Complaint

Plaintiffs have moved for leave to file a First Amended Complaint, adding claims of retaliation under the Fair Labor Standards Act on behalf of plaintiffs James Nacy,

Cole Tumberg, Wade Tumberg and Jackie Tumberg and claims of wrongful termination in violation of public policy on behalf of plaintiffs James Nacy, Cole Tumberg and Jackie Tumberg. Plaintiffs state that because discovery has only recently commenced this amendment will not cause undue delay or prejudice. Accordingly, for good cause shown and with no opposition indicated, plaintiffs' Motion for Leave to File an Amended Complaint is hereby **GRANTED** (Doc. # 23). Plaintiffs shall file their Amended Complaint within five (5) days of the Court's Order.

Date: <u>August 26, 2011</u>　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

7

Case 4:11-cv-00331-FJG   Document 25   Filed 08/26/11   Page 7 of 7