IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JAMES NACY, et al., )
)
                Plaintiffs, )      No. 4:11-CV-00331-FJG
)
vs. )
)
D.F.C. ENTERPRISES, INC., et al., )
)
                Defendants. )

## ORDER

Currently pending before the Court is Plaintiffs' Motion to Strike the Expert Witness Affidavit of Terry L. Burger (Doc. No. 49).

### I.    Background

This is an action arising under the Fair Labor Standards Act. It was filed by current and former employees of D.F.C. Enterprises, Inc. against D.C.F. Enterprises, Inc. Plaintiffs allege that defendants violated FLSA's minimum wage and overtime provisions.

Defendants' expert, a wage and hour consultant, reviewed defendants' wage and hour documentation as it related to each plaintiff. (See Affidavit of Terry L. Burger, Doc. No. 44-4). Plaintiffs have moved to strike the Affidavit of Mr. Burger because they allege that his affidavit fails to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

### II.    Standard of Review

Under Fed. R. Civ. P. 26(a)(2)(B), a report disclosing expert testimony must contain:

[A] complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous ten years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

Moreover, Rule 37(c)(1) states:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Eighth Circuit has found that these rules "permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). When determining whether to exclude evidence the court should consider (1) the reason for noncompliance; (2) the surprise and prejudice to the opposing party; (3) the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial; and (4) the importance of the information or testimony. Oury v. Rapid City Reg'l Hosp., Inc., CIV. 09-5061-JLV, 2011 WL 1135461, at *3 (D.S.D. Mar. 25, 2011) (quoting Wegener v. Johnsons, 527 F.3d 687, 692 (8th Cir. 2008)). The potential prejudice is minimal when the party moving to exclude evidence possesses or has access to the information that the expert is going to testify about. Id. at * 8.

### III. Discussion

Plaintiffs move to strike defendants' expert because the report does not comport with Fed. R. Civ. P. 26(a)(2)(B). The Court's Scheduling Order (Doc. No. 38) states that expert affidavits should be submitted in compliance with Rule 26(a)(2)(B). Plaintiffs

2

argue that the expert affidavit submitted by Mr. Burger fails to provide a clear statement of what records he based his opinion on, what exhibits he will use to summarize or support his opinions, the publications he has authored in the previous ten years, the cases he has provided testimony for in the previous four years, and the amount of compensation he is being paid by defendants in this case. Plaintiffs argue that the failure to disclose was not substantially justified because plaintiffs sent an e-mail requesting that defendants comply with Rule 26 and defendants ignored their request. Additionally, plaintiffs state that their ability to cross-examine Mr. Burger and present an effective reply for their Motion for Class Certification was severely prejudiced by defendants' failure to provide a written report for Mr. Burger. Based on the defendants' failure to comply with the Scheduling and Rule 26, plaintiffs request that the Court strike the expert witness affidavit of Terry L. Burger.

Defendants respond that any failure to provide information required by Rule 26(a)(2)(B) was harmless pursuant to Fed. R. Civ. P. 37(c)(1). According to defendants, Mr. Burger identified the data utilized as the "wage and hour documentation of D.F.C. Enterprises, Inc." Additionally, defendants state that the only exhibit Mr. Burger will need to support his testimony is the information provided in his Affidavit at ¶ 38. Moreover, defendants note that Mr. Burger's publications and list of cases are not included because Mr. Burger has not authored any publications in the previous ten years and has not testified as an expert in the previous four years. Defendants state that the only information missing from Mr. Burger's Affidavit was his hourly rate of compensation and that omission was harmless.

3

The Court agrees and finds that the failure to disclose Mr. Burger's compensation is harmless because the affidavit provided plaintiffs with the substance of his testimony so that plaintiffs could prepare to meet the testimony presented by defendants. Additionally, the Court notes that plaintiffs relied on Mr. Burger's affidavit and even attached it as an exhibit to their Motion for Summary Judgment. Accordingly, the Court hereby **DENIES** plaintiffs' motion to strike the affidavit of Terry Burger (Doc. No. 49).

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Strike Expert Witness Affidavit of Terry. L. Burger (Doc. No. 49) is **DENIED**.

**IT IS SO ORDERED.**


Date: July 2, 2012  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge