# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES NACY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 11-0331-CV-W-FJG |
| | ) |
| D.F.C. ENTERPRISES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is the parties' Joint Motion to Vacate the Order Certifying the Class (Doc. # 76), Plaintiff's Motion for Partial Summary Judgment (Doc. # 80) and Defendant's Motion for Summary Judgment (Doc. # 90).

## I. BACKGROUND

Defendant D.F.C. Enterprises, Inc. ("DFC") operates three companies engaged in the car rental business. Defendant Daniel F. Collins is the owner and manager of D.F.C. Defendants are subject to the overtime pay requirements of Missouri Minimum Wage Law ("MMWL") because they are employers under Mo.Rev. Stat. § 290.500(4) and plaintiffs are employees under Mo.Rev.Stat. § 290.500(3). Additionally, plaintiffs argue that defendants are subject to the overtime requirements of the Fair Labor Standards Act ("FLSA") because they were engaged in commerce and also because their gross annual revenue exceeded $500,000.

On March 30, 2011, plaintiffs James Nacy, Joseph Gladstone, Cole Tumberg and Debbie King individually and on behalf of a class of other similarly situated plaintiffs filed suit against the defendants alleging FLSA wage and overtime violations. The

Complaint requested FLSA class certification and Fed.R.Civ.P. 23 certification of the Missouri minimum wage, breach of contract and unjust enrichment claims. On August 26, 2011, the Court conditionally certified the FLSA class action. On September 29, 2011, plaintiffs filed an Amended Complaint, which added FLSA retaliation claims and state law wrongful termination claims for plaintiffs James Nacy, Cole Tumberg, Wade Tumberg and Jackie Tumberg. On March 2, 2012, the parties stipulated to the dismissal of Joseph Gladstone's claim. On the same day, plaintiffs also withdrew their Motion for Fed.R.Civ.P. 23 class certification. On March 28, 2012, the parties stipulated to the dismissal of plaintiffs Debbie King and W.A. Gladstone. On the same day, the parties jointly moved to decertify the collective action. Thus, the claims which remain are the wage and hour claims of James Nacy and Cole Tumberg and the FLSA retaliatory discharge and state law wrongful termination claims of Nacy, Cole Tumberg, Wade Tumberg and Jackie Tumberg.

Plaintiff James Nacy worked as a rental agent for defendants from September 20, 2009 to April 6, 2011. While Nacy was being paid on a salary basis, Nacy was not paid at a rate of time-and-a-half for the work he performed in excess of 40 hours a week. Defendants' expert witness, Terry L. Berger, after reviewing the defendants' timekeeping and payroll records concluded that Nacy should have been paid overtime and was owed at least $2,239.56.

Plaintiff Cole Tumberg worked for defendants as a Porter and a Rental Agent from April 4, 2010 until June 2, 2011. Defendants expert witness Terry Berger testified that Cole Tumberg was underpaid overtime compensation on four occasions.

2

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

### A. Joint Motion to Decertify

On August 26, 2011, the Court granted plaintiffs' Motion for Conditional Certification under the FLSA. The Court conditionally certified two collective actions

3

consisting of:

> All current and former DFC employees who have worked for Defendants at any time during the last 3 years and whose job duties involved processing rental car applications, selling insurance to customers renting cars, or inspecting cars prior to rental and upon return; and
>
> All current and former DFC employees who have worked for Defendants at any time during the last 3 years and whose job duties involved cleaning cars, checking cars in upon return, inspecting cars for damage, and taking cars to auction.

Seven plaintiffs opted-in to the present litigation. W.A. Gladstone was the only opt-in plaintiff who was employed as a Rental Agent. The other opt-in plaintiffs were employed as Porters. W.A. Gladstone's claim was voluntarily dismissed on March 28, 2012. Plaintiff Joseph Gladstone was the sole class representative for the Porters. Joseph Gladstone's claim was also voluntarily dismissed on March 19, 2012. The parties state that without a class representative for the Porters and without any opt-in Rental Agents, the parties believe that the FLSA collective action should be decertified. The Court agrees and find no basis on which to continue this collective action. Accordingly, the Court hereby **GRANTS** the parties' Joint Motion to Decertify the Collective Action (Doc. # 76).

### B. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs state that is no genuine dispute that defendants violated the FLSA and the MMWL by failing to pay overtime compensation to James Nacy and Cole Tumberg. Plaintiffs state that the timesheets and paystubs for Nacy and Tumberg establish that they were not paid the overtime which they were due.

Defendants in response to the Motion for Partial Summary Judgment admit that

4

Mr. Nacy is entitled to overtime pay for his overtime hours while salaried as a night manager. Defendants state that this error was inadvertent and caused by a misunderstanding of the law. Defendants state that they will submit a separate Offer of Judgment in the amount of $2,239.56, agreeing to judgment in this amount. Similarly, with regard to Cole Tumberg, defendant state that there were four separate errors made regarding his wages and he is owed back wages of $60.27. Defendants state that they will present an offer of judgment in that amount.

Plaintiffs state that they are entitled to partial summary judgment on the issue of liability as to the overtime claims, because the defendants have admitted that James Nacy and Cole Tumberg were improperly denied overtime compensation. As the defendants have admitted liability on these claims, the Court will **GRANT** plaintiffs' Motion for Partial Summary Judgement on the failure to pay overtime compensation claims of James Nacy and Cole Tumberg (Doc.# 80). The Court declines to enter judgment in a specific amount, as plaintiffs state that the precise amount of damages owed remains in dispute and they did not move for entry of summary judgment on damages.

### C. Defendants' Motion for Summary Judgment

Defendants have moved for summary judgment on the retaliatory discharge claims of James Nacy, Cole Tumberg and Wade and Jackie Tumberg. Section 215(a)(3) of the Fair Labor Standards Act makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any compliant . . . or has testified in any . . . proceeding [under or related to the FLSA]." In
5

Grey v. City of Oak Grove, 396 F.3d 1031, 1034-35 (8th Cir.2005), the Court stated, "[t]o establish a prima facie case of retaliation, [plaintiff must] show that he participated in statutorily protected activity, that [defendants] took an adverse employment action against him, and that there was a causal connection between them." The defendants then have an opportunity to offer a legitimate, non-retaliatory reason for the termination or other adverse action. The burden then shifts back to the plaintiff to show that those reasons "were not the true reasons for [the action], but merely a pretext for retaliation." Id. at 1035. See also, Pearson v. City of Big Lake, Minnesota, 689 F.Supp.2d 1163, 1183 (D.Minn. 2010).

After reviewing the parties' briefs and arguments regarding defendants' Motion for Summary Judgment, the Court finds that there are disputed facts regarding whether there was a causal connection between the protected activities engaged in by the plaintiffs and their terminations and/or reductions in hours. Additionally, the Court finds that there are disputed facts relating to whether the stated reasons for the adverse employment actions were actually a pretext for retaliation against the plaintiffs. Accordingly, the Court hereby **DENIES** defendants' Motion for Summary Judgment (Doc. # 90).

The Court will hold a pretrial teleconference with the parties on **August 30, 2012** at **9:00 a.m.** The parties are also advised that due to a conflict with the Court's calendar, the trial date of September 10, 2012 is canceled. The parties should review their calendars and be prepared to discuss possible new trial dates during the pretrial conference.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the parties' Joint Motion to Vacate the Order Certifying the Class (Doc. # 76), **GRANTS** Plaintiff's Motion for Partial Summary Judgment (Doc. # 80) and **DENIES** Defendant's Motion for Summary Judgment (Doc. # 90).

Date: <u>August 20, 2012</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri   Fernando J. Gaitan, Jr.
    Chief United States District Judge