IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES NACY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 11-0331-CV-W-FJG |
| | ) |
| D.F.C. ENTERPRISES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is Plaintiffs' Motion in Limine (Doc. # 126) and Defendants' Motion for Reconsideration (Doc. # 144).

## I. Motion in Limine

Plaintiffs filed a Motion in Limine requesting that defendants refrain from offering evidence, statements, or opinions on the following subject matters: 1) testimony regarding personnel files and employee handbooks; 2) statements regarding the settlement terms or references to Mr. Nacy's attorney during the April 5, 2011 settlement conference; 3) evidence regarding plaintiffs' work history with other employers; 4) plaintiffs' applications for unemployment benefits; 5) evidence regarding attorneys Mr. Nacy consulted with prior to filing the present lawsuit or when he retained counsel; 6) pleas of poverty or claims that D.F.C. Enterprises, Inc. is a small or family owned business; 7) evidence of good deeds or proper payment of wages to other employees/ lack of other retaliation complaints and 8) evidence of dismissed claims and parties.

Defendant filed no response to the Motion in Limine. Accordingly, the Court

hereby **GRANTS** plaintiffs' Motion in Limine (Doc. # 126).   Defendants shall not be permitted to offer evidence or refer to any of the issues referenced above.

## II.  Motion for Reconsideration

On March 12, 2013, the Court granted plaintiffs' Motion to Strike Undisclosed Witnesses From Defendants' Witness List.   On March 19, 2013, defendants filed a Motion for Reconsideration. In the Motion, defendants offered three reasons why the Court should reconsider granting this motion: 1) Neither party filed supplemental disclosures; 2) Four of the witnesses were eye witnesses to the activities related to the discharge of James Nacy and Cole Tumberg and 3) Plaintiffs also added witnesses to their list who were not disclosed through Rule 26 disclosures.

Defendants state that although they did not file any supplemental disclosures, neither did the plaintiffs.   However, this is incorrect.   Plaintiffs state that on March 2, 2012, they provided Rule 26 Supplemental Disclosures to the defendants which related to their retaliation claims and also an additional document which the plaintiffs received from the Department of Labor.   Plaintiffs state that this supplementation occurred before the close of discovery and before defendants' depositions of plaintiffs.

Secondly, defendants state that four of the witnesses which were stricken by the Court were eye witnesses to the action or activities related to the discharge of James Nacy and Cole Tumberg and that the retaliatory discharge claims were added after the Rule 26 disclosures were made. Defendants again argue that both counsel and the parties knew of the eyewitnesses and thus there was no surprise or prejudice to the plaintiffs. Defendants argue that Rule 26 disclosures were provided for the wage and

2

hour claims, but "through simple oversight and omission of Defendants' counsel" supplemental documentation was not provided for the class action allegations or retaliatory discharge allegations. (Motion for Reconsideration, p. 5). Defendants argue that they are sufficiently sanctioned if the Court were to only strike seven of the eleven witnesses, but allow them to call Robert Zenk, Spencer Sherf, Justin Wakefield and Jared Mienders. Plaintiffs argue that there is not a "critical witness" exception to the Rule 26 disclosure requirements. Rather, plaintiffs state that defendants' claim that the court should only strike seven of the witnesses, but allow the other four witnesses to testify, simply illustrates that these witnesses should have been disclosed to the Court before discovery closed. Plaintiffs also argue that they will be prejudiced if the defendants are allowed to call these four witnesses, because they would be forced to cross-examine these witnesses without having the benefit of their deposition testimony.

Defendants also assert that plaintiffs added three witnesses to their list (Brandon Clark, Anna Istes and Richard Whalen), whose names were not disclosed through Rule 26 disclosures. Plaintiffs state that two of those witnesses were dropped from their Amended Witness List (Anna Istas and Brandon Clark) and the third witness, Richard Whalen was identified by plaintiffs in their initial disclosures.

The Court finds that there is no basis on which to reconsider the previous order striking the eleven witnesses. As the Court stated in Vecchio v. Schaefer, 244 F.R.D. 552, 557 (W.D.Mo. 2007), "[t]hese witnesses will not be permitted to testify at trial unless the party seeking to use the witnesses had 'substantial justification' or the failure was harmless." In CNH Capital America LLC v. McCandless, No. C05-2087, 2007 WL 1830819, *4 (N.D.Iowa June 22, 2007), the Court stated, "[d]elays in disclosure are not

3

'substantially justified' when they could have reasonably been avoided." In the instant case the only reasons offered by defendants for failing to disclose these witnesses were: 1) the pleadings were amended to add additional claims; 2) plaintiffs' also failed to supplement their disclosures and 3) the witnesses are "critical." The Court does not find that any of the reasons advanced by the defendants shows substantial justification. Defendants should have been on notice that they might need to supplement their disclosures when plaintiffs filed their Amended Complaint or even after plaintiffs filed their supplemental disclosures in March 2012. Additionally, the Court finds that the plaintiffs will be harmed if even one of the witnesses is allowed to testify, because they would be forced to cross-examine these witnesses without the benefit of their depositions. None of the witnesses were disclosed to the plaintiffs, even though the witnesses were all employees of the defendant. Accordingly, because defendants have failed to show that this failure to disclose was substantially justified and because allowing these witnesses to be called would prejudice plaintiffs, the Court hereby **DENIES** defendants' Motion for Reconsideration (Doc. # 144).


Date: March 25, 2013                       **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                                           Chief United States District Judge